## GOODWIN v. GOODWIN.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

**1. APPEAL—REVERSAL—TECHNICAL DEFECTS—PROOF OF NOTICE OF TRIAL.**

Code Civ. Proc. § 723, enacts that in every stage of the action the court must disregard any error or defect which does not affect the substantial rights of the adverse party. In a suit to annul a marriage because of defendant's having had another husband living at the time of the ceremony, defendant appeared and answered, but judgment was taken by default, and custody of the children of the union given plaintiff. More than 10 years thereafter defendant appealed, seeking reversal because the proof of notice of trial (the notice having been served by mail) did not show that the notice was inclosed in a wrapper. Plaintiff's counsel stated that during the year of the judgment a motion by defendant for a vacation thereof had been denied, but the record did not show such motion. The evidence was sufficient to show the judgment correct. *Held*, that a reversal would be denied.

**2. SAME—DECREE ANNULLING MARRIAGE—LEGITIMIZING ISSUE—GOOD FAITH OF PARTIES—ISSUE NOT TRIED—REVERSAL.**

Code Civ. Proc. § 723, enacts that in every stage of the action the court must disregard any error or defect which does not affect the substantial rights of the adverse party. In a suit to annul a marriage on the ground that defendant had another husband living when the ceremony was performed, the answer denied that plaintiff acted in good faith in marrying defendant, and inferentially alleged that he knew defendant had a husband, and on appeal from a judgment annulling the marriage, making the children of the union legitimate, and giving their custody to plaintiff, it appeared that the judgment of annulment was proper, but defendant contended that, in view of the answer, plaintiff could not have the decree as entered, and which legitimatized the issue, and gave plaintiff their custody. *Held*, that the contention was of no avail, since, conceding that the answer raised an issue that might have been tried, the error, if one, did not affect the substantial rights of defendant.

Appeal from special term, Queens county.

Suit by John W. Goodwin against Rushanna Goodwin for the annulment of a marriage between the parties. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Charles Haldane, for appellant.
A. P. Baxter, for respondent.

WOODWARD, J. A plain statement of the facts in this case would seem to be sufficient for a disposition of the appeal. The plaintiff brought the action in October, 1889, for an annulment of his marriage with the defendant in 1882, on the ground that the defendant at the time of the commencement of the action was the lawful wife of one Thomas Riley, to whom the defendant was married in 1880. The evidence taken upon the trial, the defendant being in default, was sufficient to show that the defendant had a husband living at the time

of entering into the marriage relation with the plaintiff in 1882, and a judgment in accordance with the facts was entered on the 8th day of January, 1890, the plaintiff being given the custody of the three children of the union, who were declared to be legitimate, and entitled to succeed as such, in the same manner as other legitimate children, to the real and personal estate of the plaintiff. The record does not disclose that the defendant, who was thus judicially deprived of the custody and control of her children, took any steps to prevent the carrying out of this judgment, though it is stated by the respondent's counsel that the defendant did move for an order vacating the judgment, at special term, which order was denied, and that no appeal was taken from such order. This motion, if made, was made in 1890, and from that time up to August, 1901, the defendant, though deprived of her children, and of all rights under her marriage contract with the plaintiff, remained passive, and this court is now asked to reverse this judgment upon the ground that at the time of the trial the court had no proof before it that any notice of trial had ever been served upon her attorney. This objection is so technical that it is extremely doubtful if it would have been given serious consideration had the defendant acted promptly, and it can certainly have no force after an acquiescence of over 10 years, especially where there is no reason to believe that injustice has been done. The defendant had appeared and answered, so that she had notice that the case was pending, and the only defect in the affidavit of a notice of trial to which our attention is called is that the affidavit does not allege that the notice of trial was inclosed in a wrapper. The affidavit does say that "on the 21st day of December, 1889, he [deponent] deposited a copy of the annexed notice of trial in this action in the post office at Port Washington, Queens county, New York, directed to 'Joseph F. Moss, Esq., Nos. 87 & 89 Centre Street, New York City,' who is the attorney for the defendant in this action, and prepaid the postage thereon. The said service was duly made after the joinder of issue, and at least sixteen days before the commencement of the term." Under the provisions 'of section 723 of the Code of Civil Procedure, "in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party," and the mere fact that the affidavit of service of notice of trial does not allege that it was inclosed in a wrapper is not very material at this late day.

The only other suggestion made is that the plaintiff could not have the decree as entered, and which legitimatized the issue, and gave the plaintiff custody of the children, because of the fact that in the defendant's answer she denied that the plaintiff acted in good faith in entering into the marriage relation with her in 1882, and inferentially alleged that he knew of the fact of her previous marriage and that her husband was still living. The only possible effect of holding this would be to bastardize her own children. It could give her no rights on this appeal, and, as the judgment of annulment must stand, this court will not undertake to disturb the status of her children at this time, even though it be conceded that the pleading raised an issue which might have been tried back in 1889. The error, if it

is an error, does not affect the substantial rights of the defendant, and public policy forbids that the judgment should be disturbed at this time.

The appeal should be dismissed, with costs. All concur.